A bill of complaint, alleging facts to show a decree of divorce had been obtained by perjury and fraud practiced upon the court, prayed that the decree of divorce be vacated and held to be null and void. A general and a special demurrer were overruled. A portion of defendant's answer averring in substance that he instituted the suit for divorce in good faith and after having sought and obtained advice of counsel that he was entitled to enter suit for divorce, and that after obtaining the decree of divorce he had remarried, were stricken. On final hearing the court found and decreed:
 "That in the divorce proceeding brought in this Court by the Defendant in this proceeding on the 3rd day of September, A.D. 1926, that said Complainant in said divorce proceeding, procured a decree of divorce therein, by fraud, in that in his affidavit for service by publication, he stated the residence of the Defendant as being Detroit, Michigan, without giving any more specific address, while it appears from the record now before the Court that at said time and for some time thereafter, said Complainant was writing letters to the Defendant therein, the Complainant in this cause, addressed to a specific address in the City of Detroit, Michigan.
 In the Bill of Complaint interposed by the Defendant in this cause, the Complainant in the cause wherein the decree of divorce was granted, he stated that he had been a bona fide resident of the State of Florida for two years just prior to the filing of the Bill of divorce, *Page 221 
when it abundantly appears from the record now before the Court, that he was a resident in the State of Michigan, a part of time and the State of Georgia another part, and was residing there within a very short time prior to the filing of his Bill for Divorce, therefore
 It is the opinion of the Court that the decree of divorce entered in said cause on the 25th day of January, A.D. 1928, was obtained by fraud, and is therefore a nullity, and should be vacated, annulled, and set at naught, and it is, therefore now
 ORDERED, ADJUDGED and DECREED that said decree of divorce granted to Warren DeSosa from Victoria DeSosa, under the date of January 25th, A.D. 1928, be, and the same is hereby declared to be a nullity, and is vacated, annulled and set aside, and the Clerk of this Court is directed to make a notation to that effect upon the record of said decree in the public records of Volusia County, Florida, referring thereon to the book and page of the record of this decree, and it is further
 ORDERED, ADJUDGED and DECREED that the marital relations existing by and between the Complainant in said divorce suit, Warren DeSosa and the Defendant in said suit, Victoria DeSosa, is still a valid and existing marriage."
 Defendant appealed.
The general demurrer was properly overruled. If there be any error in the order overruling the special demurrer, it is not harmful to the defendant.
The record sustains the decree and it is affirmed.
TERRELL, AND DAVIS, J.J., concur.
BUFORD, C.J., AND ELLIS AND BROWN, J.J., concur in the opinion and judgment.